# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) ) |
| vs. | ) Case No. 05-0421-01-CR-W-HFS ) |
| PATRICK W. WILLIS, | ) ) |
| Defendant. | ) |

## ORDER DENYING MOTION TO RECONSIDER DETENTION

Pending before the Court is defendant's Motion to Reopen Detention Hearing and to Reconsider Order for Detention. (Doc. # 16) The Court had deferred ruling this motion pending receipt of further information from Pretrial Services. The Court has now had the opportunity to consider the additional evidence and argument offered in paragraphs 3-9 of defendant's motion, as well as the additional information obtained by Pretrial Services Officer Dana Chance concerning the defendant's parole violations.[1]

Pretrial Services Officer Dana Chance received parole records from California reflecting the following: Defendant was paroled on April 27, 2000, after being sentenced in 1995 to a six year term of imprisonment. On August 5, 2000, he was returned to custody for six months for assaulting his girlfriend and stealing $290.00 from her. The defendant was again released on parole on February 1, 2001. On October 16, 2001, he burglarized his girlfriend's house, stole $2,700 worth

---

[1] The Pretrial Services Report on Patrick Willis reported that he was sentenced to six years in prison for first degree robbery in 1995, that he had violated the terms of his parole on three separate occasions and that he had been returned to prison each time.

of jewelry and absconded supervision. He turned himself in and was returned to custody for four months. The defendant was paroled again on February 13, 2002. On September 3, 2002, he assaulted his girlfriend. He also failed to report as directed. He was arrested on September 19, 2002, and returned to custody. He was paroled on September 21, 2003, and discharged from supervision on May 14, 2004.

There is nothing in the additional information provided by the defendant that would suggest that the Court's original order granting the government's motion for detention should be reversed. Further, the additional evidence obtained by the Pretrial Services Officer supports the Court's original conclusion that the defendant is not amenable to Court supervision. Accordingly, it is

ORDERED that defendant's Motion to Reopen Detention Hearing and to Reconsider Order for Detention (doc. # 16) is granted in part and denied in part. That portion of the motion asking the Court to reopened the detention hearing to consider additional evidence is granted. After considering additional evidence, the Court denies that portion of the motion asking the Court to reconsider its order of detention and grant the defendant release on bond.

_____/s/_____
SARAH W. HAYS
UNITED STATES MAGISTRATE JUDGE